# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 16-610V**
**(Not to be Published)**

* * * * * * * * * * * * * * * * * * * * * * * * *
JOHN COLEMAN,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.
* * * * * * * * * * * * * * * * * * * * * * * * *

Filed: December 2, 2016

Entitlement; Decision by Proffer; Damages; Pneumococcal Conjugate Vaccine ("PCV"); Shoulder Injury Related to Vaccine Administration ("SIRVA").

*John R. Howie, Jr.*, Howie Law, P.C., Dallas, TX, for Petitioner.

*Jennifer L. Reynaud*, U.S. Dep't of Justice, Washington, DC, for Respondent.

**DECISION FINDING ENTITLEMENT AND AWARDING DAMAGES[1]**

On May 24, 2016, John Coleman filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] ECF No. 1. Petitioner alleges that he suffered a left shoulder injury as a result of receiving the pneumococcal conjugate vaccine ("PCV") on February 19, 2015.

In her Rule 4(c) Report, filed on December 2, 2016, Respondent concedes that Petitioner's claim is compensable under the Vaccine Act. ECF No. 12. Respondent specifically states that the

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Division of Vaccine Injury Compensation ("DVIC"), Department of Health and Human Services, has concluded that Petitioner's alleged injury is consistent with a shoulder injury related to vaccine administration ("SIRVA"). *Id.* at 3. Additionally, Respondent indicates that no other causes for Petitioner's condition have been identified, and the statutory six month sequela requirement has been fulfilled. *Id.* Accordingly, Respondent states that based on her review of the record, Petitioner has satisfied all legal prerequisites for compensation under the Act. *Id.*

Respondent's Rule 4(c) Report also includes a proffer proposing a specific amount of compensation. *Id.* at 3. I have reviewed the file, and based upon that review I conclude that the Respondent's proffer is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The proffer proposes:

- A lump sum payment of $55,000.00 in the form of a check payable to Petitioner.

Proffer at II. This amount represents compensation for all damages that would be available under Section 15(a) of the Act.

In light of Respondent's concession and proffer, and based on my own review of the record (*see* Section 13(a)(1); 42 C.F.R. § 100.3(a)(I)), I find that Petitioner is entitled to compensation for an injury that was caused-in-fact by a vaccination, and that the proposed sum is reasonable. 42 C.F.R. §§ 100.3(a)(XIV), 100.3(b)(2). I therefore approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.